## AFFIDAVIT

I, Eric Brimo, being duly sworn, depose and state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since 2016. Prior to working for the ATF, I was a Special Agent with the U.S. Department of State, Diplomatic Security Service, since 2010. I am familiar with federal laws relating to firearms, have been trained in the investigation of violations of said laws, and have participated in such investigations. During my law enforcement career, I have worked on numerous investigations involving unlawful firearm possession and firearm trafficking. I am familiar with both the Gun Control Act and National Firearms Act and have received advanced training in the identification of firearms and determination of firearm classification.

2. I have received advanced training regarding firearms during my time with the ATF. I am an ATF-designated expert in the interstate nexus of firearms, which is an advanced research methods program regarding the identification of firearms, locations firearms are manufactured, and general knowledge of procedures and history of the firearm industry. I am a certified Firearm Verifier with the Royal Canadian Mounted Police (#QCPA-6521) and have received an appointment as a Firearm Analyst from the Government of Canada. I am also the Project Safe Neighborhood coordinator for the ATF Burlington Field Office where I conduct presentations and trainings in the United States and Canada on criminal use of firearms and investigations involving firearms.

3. I submit this affidavit to establish probable cause that on or about March 29, 2025, Benjamin Stocker violated 18 U.S.C. § 922(j) by knowingly possessing a stolen firearm, that previously traveled in interstate commerce, within the State of Vermont.

3.      This affidavit is based upon my training and experience, and the investigation of other law enforcement officers. More specifically, I know the information contained within this affidavit from information provided to me by Vermont State Police (VSP) Trooper Zachary Trocki and from my own participation in this investigation. Because this affidavit is submitted for the limited purpose of establishing probable cause, I have not set forth each and every fact learned by law enforcement during the course of the investigation. Where I describe a statement, it is described in substance, not verbatim.

### Receipt of Information

4.      On March 31, 2025, I received notification of an investigation in Windham County, Vermont where a suspected arson occurred at a residence on March 29, 2025. I spoke with VSP Tpr. Trocki regarding the incident who provided me with a copy of his affidavit and noted that a stolen firearm was also recovered in the investigation. Tpr. Trocki stated he was investigating Benjamin STOCKER who was reportedly stalking, harassing, and threating his ex-girlfriend, H.E., which led up to the reported arson of her residence. Tpr. Trocki advised he spoke with H.E. who advised she received many threatening text messages and voicemails from STOCKER. Specifically, H.E. stated that on March 29, 2025, at 1132 hours she received a text message from Stocker that included a photograph of a Ruger pistol with a message "time to do it." A copy of the screenshot is included below:



5.      Tpr. Trocki advised that VSP also received an earlier report of a stolen firearm from Andrew Floyd of Andover, Vermont. Floyd advised that STOCKER had been at his residence on the evening of March 28, 2025. Floyd stated that while STOCKER was over, he inquired about a firearm range bag that was on the floor of Floyd's residence. Floyd advised VSP that he showed STOCKER the firearm that was within the bag, which he described as a Ruger Security 9mm handgun. Floyd advised he returned the firearm to the bag, but on the next

morning of March 29, 2025, he opened the bag and found the firearm missing. Floyd advised he did not know the serial number at the time he reported the incident to VSP. The report of the stolen firearm was reported to VSP in case number 25B1002174. I have reviewed the case file from this incident and have found it consistent with the information provided by Tpr. Trocki.

6. Tpr. Trocki advised that VSP showed Floyd the photograph of the Ruger pistol that STOCKER reportedly sent to H.E. Floyd advised that the Ruger pistol displayed in the photograph belonged to him and was the same firearm that he reported stolen to VSP.

7. Tpr. Trocki further advised that VSP Sergeant Kevin Hughes spoke with STOCKER's mother, Melinda Bussino, who stated that STOCKER lived with her at her residence located on Randall Hill Road in Springfield, Vermont. Bussino stated she was aware of the firearm and hid it above a corner cabinet in the dining room in an attempt to hide it from STOCKER.

8. Tpr. Trocki then applied for, and was granted, a State of Vermont search warrant for the Randall Hill Road residence to locate STOCKER and the firearm. Law enforcement executed the search warrant on March 29, 2025, taking STOCKER into custody, and seizing the Rugar firearm which was located above the corner cabinet in the dining room area of the home. The firearm was then transported to the VSP Westminster Barracks where it was secured.

9. I have reviewed the charging affidavit and search warrant authored by Trocki and found the information consistent with the information he provided in our conversations.

## Firearm Review and Interstate Nexus Determination

10. On March 31, 2025, I received photographs of the firearm recovered by VSP in the search warrant from Tpr. Troski. The photographs showed the firearm where it was located within the residence and later when documented further at the VSP Westminster Barracks. Tpr. Troski advised the firearm depicted is currently secured as evidence within the VSP Westminster Barracks.

11. I am an ATF-designated interstate nexus expert and have received advanced training in the identification of firearms. I determined that the item recovered by VSP is a Ruger 9E 9x19mm semi-automatic pistol with serial number 337-97118. The item is a firearm manufactured by Ruger in the State of Arizona. Based on this assessment, I determined that the firearm was not manufactured in the State of Vermont, and by its presence in Vermont, must have travelled across state lines, impacting interstate commerce.

12. As part of my duties with ATF, I am familiar that Ruger, a firearm manufacturer, provides a Serial Number Lookup tool available to the public on their website at https://ruger.com/dataProcess/serialHistory/. The search tool does not list location of manufacture but does show if a recently manufactured firearm has a serial number assigned to a specific model. The serial number 337-97118 is assigned to the SR series of firearms which Ruger further notes includes the 9E model. Ruger lists a caution on the public tool of "Note: This service is provided as reference only, and accuracy is not guaranteed."

## Conclusion

13.    Based on the information set forth above, I believe there is probable cause to believe that on or about March 29, 2025, Benjamin Stocker violated 18 U.S.C. § 922(j) by knowingly possessing a stolen firearm within the District of Vermont, that previously traveled in interstate commerce.

Dated at Burlington, in the District of Vermont, this 1st day of April 2025.

_____
Eric Brimo
Special Agent, ATF


Sworn to and subscribed before me this 1st day of April 2025.

_____
Hon. Judith G. Dein
United States Magistrate Judge